80 P.3d 1031

**Ivan L. GARNER, individually and Flinders Realty & Exchange, Inc., an Idaho corporation, Plaintiffs–Appellants–Cross Respondents,**

v.

**Melba C. BARTSCHI, individually and as Personal Representative of the Estate of Don F. Bartschi, Defendants–Respondents–Cross Appellants.**

No. 28568.

Supreme Court of Idaho, Pocatello, September 2003 Term.

Nov. 14, 2003.

432

Racine, Olson, Nye, Budge & Bailey Chartered, Pocatello, for appellant. John R. Goodell argued.

Ardee Helm, Jr., Montplier, argued for respondent.

BURDICK, Justice.

Ivan Garner and Flinders Realty & Exchange Inc. appeal the district court's grant of summary judgment to Melba Bartschi. The district court found that the legal description in the Real Estate Purchase and Sale Agreement and the Representation Agreement were insufficient to satisfy the statute of frauds and therefore, the agreements are unenforceable. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

During the spring of 2000, Ivan Garner began looking for property to establish an elk ranch. He contacted Flinders Realty & Exchange Inc. ("Flinders Realty") to assist with his search and Alice Edwards, a realtor who worked for Flinders Realty, began looking for suitable property. Shortly thereafter, Edwards located property that appeared to meet Garner's wishes and arranged a meeting for Garner to meet with the Bartschis, the owners of the property. While visiting the property, Don Bartschi and his son, Jeff, showed Garner and Edwards around the property, pointing out the boundaries of the parcel. Garner was interested in obtaining the property; however, the parties were unable to reach an agreement.

In the spring of 2001, the Bartschis contacted Edwards to see if Garner might be interested in purchasing the property. After talking with Garner, Edwards let Don Bartschi know that Garner was still interested in obtaining the property. The Bartschis and Garner met, discussed the transaction and entered into a Real Estate Purchase and Sale Agreement on April 24, 2001. The Real Estate Purchase and Sale Agreement stated that closing would occur no later than July 30, 2001. Bartschis and Flinders Realty also entered into an Exclusive Seller Representation Agreement ("Representation Agreement") on April 25, 2001. Both agreements

describe the property as "approx. 500 acres of mountain property." A subsequent addendum to the Real Estate Purchase and Sale Agreement was entered into and signed by Garner and Melba Bartschi. The addendum contains the statement "Acreage: As deemed by Bear River County Platt and Tax Notices to be 512 acres. Survey Ordered."

On May 13, 2001, Don Bartschi died. Ms. Bartschi sent a notice to Garner on July 25, 2001, that she was repudiating and rescinding the agreement. In October 2001, Garner and Flinders Realty filed suit seeking specific performance of the Real Estate Purchase and Sale Agreement and damages resulting from the breach of the Representation Agreement. Ms. Bartschi filed a countersuit alleging undue influence, breach of contract and fraud.

Both parties filed motions for summary judgment. The district court granted Ms. Bartschi's motion for summary judgment, dismissed Garner's and Flinders Realty's motions for summary judgment and awarded attorney fees and costs to Ms. Bartschi. The district court found that the property descriptions contained in the Real Estate Purchase and Sale Agreement and the Representation Agreement were too ambiguous to grant summary judgment. The district court further found that the description was inadequate and not enforceable at law.

Ms. Bartschi filed a memorandum of costs and attorney fees to which Garner and Flinders Realty objected and moved to disallow the fees and costs. Garner and Flinders Realty argued that Ms. Bartschi's motion failed to state a legal basis for fees, did not properly detail the billing entries with times and dates and included fees for a counter complaint and amended complaint when district court did not grant leave to file for either complaint. The district court found that there was no legal basis mentioned by Garner that the Real Estate Purchase and Sale Agreement entitled Garner to attorney fees and that the memorandum of costs did not adequately describe the work performed and the time asserted was excessive. The district court awarded one-half of Ms. Bartschi's request.

Plaintiffs again objected to the award of attorney fees to Ms. Bartschi. Garner and Flinders Realty noted that Ms. Bartschi did not cite the contracts nor I.C. 12–120(3). The district court found Ms. Bartschi's request for fees under I.R.C.P. 54 and I.C. § 12–121 were inadequate and required each party to bear its own fees. Both parties appeal.

## ISSUES PRESENTED ON APPEAL

1. Did the district court err in granting summary judgment to Ms. Bartschi on the basis that the Purchase and Sale Agreement was unenforceable under the statute of frauds because there was an insufficient property description?

2. Did the district court err in finding that Ms. Bartschi was not estopped from raising the statute of frauds as an affirmative defense?

3. Should the district court have awarded Ms. Bartschi's full amount of requested attorney fees?

4. Are either of the parties entitled to attorney fees on appeal?

## STANDARD OF REVIEW

The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the summary judgment motion. *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). All disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Eagle Water Company, Inc. v. Roundy Pole Fence Company, Inc.*, 134 Idaho 626, 628, 7 P.3d 1103, 1105 (2000). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c).

## DISCUSSION

### I.

Appellants contend that the district court erred in dismissing Garner's claim for specif-

ic performance because the legal description contained within the Purchase and Sale Agreement was sufficient to satisfy the statute of frauds. Appellants argue that the statute of frauds requires a sufficient legal description not a full legal description. Appellants contend that the property description is sufficient when the land can be identified with reasonable certainty. Appellants assert that the description refers to the Bartschi's 500 acres of mountain property in Bear Lake County. Appellants contend that the Addendum to the Purchase and Sale Agreement references the tax notices and map, therefore identifying the real property to be sold and satisfying the statute of frauds. The fact that Don Bartschi did not sign the Addendum should not prevent enforcement of the Addendum that Ms. Bartschi freely signed and the lack of the signature is moot and immaterial, since Ms. Bartschi owns his community interest.

Flinders Realty contends that the Representation Agreement meets the requirements of I.C. § 54–2050. Flinders Realty asserts that the Representation Agreement is only an employment contract and therefore the property description is sufficient when there is an understanding between the buyer and broker as to which property is being sold, and is sufficient for the broker to locate the property, show it and point out the boundaries of the property, all of which are present in this case. Further, Flinders Realty contends that there is a question of fact as to the sufficiency of the description, since one affidavit presented states that the property can be located from the descriptions in the agreements and the knowledge of the area.

Ms. Bartschi argues that the description does not identify the county or state, exact boundaries and the exact location cannot be ascertained by mere visual inspection. Ms. Bartschi contends that even if the tax notices and map are a sufficient description of the property, the statute of frauds requires a reference to those documents in the agreements which neither document contains. Further, Ms. Bartschi notes that Addendum/Amendment A, although created and

backdated, was never signed by her husband, Don Bartschi. Ms. Bartschi contends that the document cannot be legally presented as an amendment without his signature because it violates I.C. § 32–912.

Ms. Bartschi repudiated the contract alleging that "the agreement was signed under extreme medical duress and medical incompetency by reason of medications." Ms. Bartschi contends that she was never in favor of selling the property and had previously resisted attempts by her husband to sell the property; only when her husband was upon his deathbed did Ms. Bartschi acquiesce to selling the property. Following his death, Ms. Bartschi asserted her belief that she did not want to sell the property nor was it in her best interest to sell, and notified Garner and Flinders Realty at that time.

## A. *Real Estate Purchase and Sale Agreement*

▮ The property is described in the Real Estate Purchase and Sale Agreement as "Bartschi Property, *City* _____, *Zip* 83252, legally described as approx. 500 acres mountain property."[1] In the addendum to the real estate agreement, the parties added "Acreage: As deemed by Bear River [sic] County Platt and Tax Notices to be 512 acres. Survey ordered." The property was actually located in Bear Lake County. The three Bear Lake County tax notices that are referred to in Addendum A list the lots that the Bartschis own as well as the acreage of each; the lots total 512.46 acres. The record reflects that Ms. Bartschi provided these tax notices as well as a map to Garner and Flinders Realty. The record further shows that Garner and Edwards were shown the property by Don Bartschi and his son, Jeff, and the boundaries of the parcel were pointed out.

The district court found that the Real Estate Purchase and Sale Agreement failed to provide an adequate property description. The district court stated that the property description "fails to provide any clue as to where the property is located, an exact amount of acreage to be sold or divine any

---

1. The zip code, 83252, is Malad City's zip code. However, it is pointed out in Melba Bartschi's

deposition that the zip code was incorrect and should be 83254, Montpelier's zip code.

exact property lines." The district court found that it would have "to allow the introduction of parole [sic] evidence to determine whether to determine whether part or all of the holdings of Bartschi's were to be sold, or whether they were apportioning a partial amount." The district court determined that the description within the real estate contract was too ambiguous for the court to order specific performance or order damages related to non-performance.

■■■■ Specific performance is an extraordinary remedy that provides relief when legal remedies are inadequate. *Kessler v. Tortoise Development, Inc.*, 134 Idaho 264, 270, 1 P.3d 292, 298 (2000). It is generally presumed that in an action for breach of a real estate purchase and sale agreement there is not an adequate remedy at law due to the perceived uniqueness of land. *Id.* (citing *Perron v. Hale*, 108 Idaho 578, 701 P.2d 198 (1985)). "A greater degree of certainty is required to sustain a decree for specific performance than is required to sustain a judgment for damages at law." *Thorn Springs Ranch, Inc. v. Smith*, 137 Idaho 480, 484, 50 P.3d 975, 979 (2002) (quoting *Anderson v. Whipple*, 71 Idaho 112, 124, 227 P.2d 351, 358 (1951)). Specific performance is not available to enforce ambiguous or incomplete real estate agreements. *White v. Rehn*, 103 Idaho 1, 2, 644 P.2d 323, 324 (1982).

■■■■ Idaho Code § 9–503 requires transfers of real property to be in writing.

An agreement for the sale of real property must not only be in writing and subscribed by the party to be charged, but the writing must also contain such a description of the property agreed to be sold, either in terms or by reference, that it can be ascertained without resort to parol evidence. Parol evidence may be resorted to for the purpose of identifying the description contained in the writing, with its location upon the ground, but not for the purpose of ascertaining and locating the land about which the particular parties negotiated, and supplying a description thereof which may have been omitted from the writing.

*Id.* at 3, 644 P.2d at 325 (quoting *Allen v. Kitchen*, 16 Idaho 133, 136, 100 P. 1052, 1055 (1909) (quoting *Craig v. Zelian*, 137 Cal. 105, 69 P. 853 (1902))).

As a general rule, a written instrument purporting to convey real property must contain a sufficient description of the property. A description contained in a deed will be sufficient so long as quantity, identity or boundaries of property can be determined from the face of the instrument, or by reference to extrinsic evidence to which it refers.

*City of Kellogg v. Mission Mountain Interests Ltd., Co.*, 135 Idaho 239, 244, 16 P.3d 915, 920 (2000) (citations omitted).

In *City of Kellogg v. Mission Mountain Interests Ltd., Co.*, 135 Idaho 239, 244, 16 P.3d 915, 920 (2000), this Court concluded that "the subject property was sufficiently described so it was possible for someone to identify *exactly* what property was being conveyed." (emphasis added). In *Haney v. Molko*, 123 Idaho 132, 136–37, 844 P.2d 1382, 1386–87 (Ct.App.1992) the Idaho Court of Appeals held that "the property descriptions contained in the Certificate of Sale and IRS deed, referring to the tax parcel numbers, were sufficient to permit persons to identify the *exact* property being conveyed, albeit by reference to the records in the County Assessor's Office, those property descriptions were sufficient to convey good title to the property." (emphasis added). However the descriptions contained in the documents in *City of Kellogg* and *Haney* were much more descriptive than the ones in this case; references included township and ranges markings and in *Haney*, the tax parcel numbers were included.

While it may be possible for someone to identify the property being conveyed by the Bartschis to Garner by referring to the descriptions in the tax notices which were referenced by Addendum A, one cannot tell exactly what property was being conveyed by the Bartschis merely by the descriptions contained in those referenced documents. One of the Bartschis' tax notices contains some survey remarks and lot listings; however, the other two notices only refer to "Lot 1" and "Lot 4," respectively. Additionally, there is not a copy of the "Bear River County Plat" in the record. The map included in

the record contains no delineation of what the map is; it is not discernable whether it is a Bear Lake County plat map or not. The "500 acres mountain property" and descriptions from the tax notices and the map referred to in Addendum A do not amount to a sufficient legal description.

Further, the Addendum states that a survey was ordered. The record does not reflect that a survey was completed. The district court found that "the reference to the ordering of a survey is ample evidence that the parties had yet to determine the exact legal boundaries of the property to be sold. This is on point with the issue of the survey referenced in *Hilbert* [*v. Hough,* 132 Idaho 203, 969 P.2d 836 (Ct.App.1998)]." This Court agrees. As succinctly stated by the district court, "in order to validate the agreement, the Court would be required to provide all property boundaries."

This Court holds the property description in the Real Estate Purchase and Sale Agreement is insufficient; and therefore specific performance is not available. The district court's grant of summary judgment to Ms. Bartschi is affirmed.

### B. *Addendum to Real Estate Purchase and Sale Agreement*

██ Additionally, Ms. Bartschi argues that the Addendum is invalid pursuant to I.C. § 32–912 because Mr. Bartschi did not sign it. Garner and Flinders Realty contend that the objection would be only available to Mr. Bartschi since it was his personal defense, and Ms. Bartschi signed the Addendum so it is unavailable to her. Further, Garner and Flinders Realty contend that Ms. Bartschi's argument is moot and immaterial because Ms. Bartschi now owns Mr. Bartschi's community interest.

██ While it is true that I.C. § 32–912 provides that community real property cannot be encumbered unless both spouses sign the instrument of conveyance, Ms. Bartschi raised this issue for the first time on appeal. "To properly raise an issue on appeal there must either be an adverse ruling by the court below or the issue must have been raised in the court below, an issue cannot be raised for the first time on appeal." *McPheters v.*

*Maile,* 138 Idaho 391, 397, 64 P.3d 317, 323 (2003) (citation omitted). Since this issue was not raised below, this Court will not consider this issue on appeal. In addition, this argument is of no consequence given the Court's holding that the Real Estate Purchase and Sale Agreement is insufficient to meet the requirements of the statute of frauds.

### C. *Brokerage Representation Agreement*

██ In the Representation Agreement, the property is addressed as "4565 Nounan Road, *County* Bear Lake, *City* Nounan, *Zip* 83254, *Legal description* approx. 500 acres mountain property." This description was found by the district court to be insufficient to meet the statutory requirement of I.C. § 54–2050(1)(b).

Idaho Code § 54–2050(1)(b) requires real estate brokerage representation agreements to be in writing and to contain a "legally enforceable description of the property." There was no apparent misunderstanding between the Bartschis and Flinders Realty as to which property was being sold. When a discussion ensued over the description of the property, Ms. Bartschi provided the tax notices and a map highlighting the property to Flinders Realty. Flinders Realty knew of the location of the property, was shown the property by Don Bartschi and his son, Jeff, on two different occasions and the boundaries of the parcel had been pointed out.

However, the property description in the Representation Agreement contains only the home address of the Bartschis and the approximate acreage being sold. There is no reference in the Representation Agreement to the tax notices or map. This description is even more vague than the description contained in the Real Estate Purchase and Sale Agreement and therefore is also inadequate.

This Court holds that the property description contained in the Brokerage Representation Agreement between the Bartschis and Flinders Realty is not a "legally enforceable description of the property" as required by I.C. § 54–2050(1)(b) and I.C. § 9–503.

### II.

██ Garner and Flinders Realty contend that Ms. Bartschi should be estopped from

raising the insufficiency of the legal description by means of a statute of frauds affirmative defense and that estoppel or quasi-estoppel should be used to enforce the agreements. Garner asserts that he changed his position to his detriment in reliance upon agreement with the Bartschis by incurring loan fees and interest charges in funding the purchase. Garner and Flinders Realty allege that Bartschis have benefited by the full use and possession of the property, while Ms. Bartschi knew that she wanted to repudiate the agreement. Ms. Bartschi contends that the agreement was not conditioned upon Garner obtaining or arranging financing and neither did Garner unconscionably change his position to his detriment nor did the Bartschis obtain an unconscionable benefit.

Bartschi also contends that the Court should not address this issue as it was not raised before the district court. However, after a review of the record, it appears that Garner and Flinders Realty did raise this issue arguing that either estoppel or quasi-estoppel should be used to avoid the unjust results of the statute of frauds in their supplemental briefing before the district court.

 Quasi-estoppel prevents a party from reaping an unconscionable advantage, or from imposing an unconscionable disadvantage upon another, by changing positions. *Lunders v. Estate of Snyder,* 131 Idaho 689, 695, 963 P.2d 372, 378 (1998). Quasi-estoppel, unlike equitable estoppel, does not require misrepresentation by one party or actual reliance by the other. *Id.*

The elements of quasi-estoppel have been defined as follows:

> [I]t precludes a party from asserting to another's disadvantage a right inconsistent with a position previously taken by him or her. The doctrine applies where it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced or of which he accepted a benefit. The act of the party against whom the estoppel is sought must have gained some advantage to himself or produced some disadvantage to another; or the person invoking the estoppel must have been induced to change his position.

*Eastern Idaho Agricultural Credit Ass'n v. Neibaur,* 133 Idaho 402, 410, 987 P.2d 314, 322 (1999).

It is clear that Ms. Bartschi took a position inconsistent to her prior position and repudiated the contract. However, the conduct by Ms. Bartschi does not rise to the level of being unconscionable. Ms. Bartschi sent Garner and Flinders Realty a letter, prior to closing, repudiating the contract and alleging a poor mental state at the time of signing. Further, although Garner incurred costs of obtaining financing, there is no evidence in the record that Ms. Bartschi gained an advantage other than remaining on the property.

This Court holds that Ms. Bartschi is not estopped from asserting the statute of frauds as a defense.

### III.

 Ms. Bartschi raises as a cross-appeal issue that the district court erred in not awarding the full amount of requested attorney fees. Ms. Bartschi agrees with the authorities cited by the trial court; however, she argues that the authorities are not applicable or are distinguishable in this case. Ms. Bartschi argues that her answer references that she is requesting attorney fees. Ms. Bartschi contends that the Appellants also should not be able to claim that they did not have notice that Ms. Bartschi may be entitled to attorney fees under the agreements since the agreements were the basis for their requests of attorney fees in their complaint. Ms. Bartschi asserts that attorney fees can be awarded under the agreements despite the fact that the underlying contract was unenforceable. Ms. Bartschi contends that Flinders Realty should be bound by an award of fees, even though it is not a party to the Purchase Agreement because of identical attorney fee language found in the Listing Agreement.

Appellants contend that Bartschi failed to identify a basis to support a claim for attorney fees; there was no reference to statute, contract or other provision to allow for attorney fees. Appellants also argue that Bartschi failed to comply with the rules governing the award of costs because she failed to itemize the expenses.

The district court initially awarded attorney fees to Ms. Bartschi in its order granting Ms. Bartschi's motion for summary judgment. Following objections by Garner and Flinders Realty arguing that Ms. Bartschi's motion failed to state a legal basis for fees, did not properly detail the billing entries with times and dates and included fees for a counter complaint and amended complaint when district court had not granted leave to file for either complaint, the district court awarded one-half of Ms. Bartschi's request. The district court found that although there was no legal basis mentioned by Ms. Bartschi, the Real Estate Purchase and Sale Agreement entitled Garner to attorney fees. It was further found that the memorandum of costs did not adequately describe the work performed and the time asserted was excessive, therefore preventing the award of Ms. Bartschi's full request.

Plaintiffs again objected to the award of attorney fees to Ms. Bartschi. Garner and Flinders Realty noted that Ms. Bartschi did not cite the contracts nor I.C. 12–120(3). The district court found Ms. Bartschi's request for fees under I.R.C.P. 54 and I.C. § 12–121 were inadequate and required each party to bear its own fees.

 "A party claiming attorney fees must assert the specific statute, rule, or case authority for its claim." *MDS Investments, L.L.C. v. State,* 138 Idaho 456, 465, 65 P.3d 197, 206 (2003). It is not sufficient to make a generalized request for attorney fees. *Crea v. FMC Corp.,* 135 Idaho 175, 181, 16 P.3d 272, 272 (2000). " '[I]t is incumbent on the moving party to assert the grounds upon which it seeks an award of attorney fees. The district judge is not empowered to award fees on a basis not asserted by the moving party.' " *Id.* (quoting *Bingham v. Montane Resource Assoc.,* 133 Idaho 420, 424, 987 P.2d 1035, 1039 (1999)).

The answer states in the prayer for relief that Ms. Bartschi "be awarded reasonable attorney's fees and costs in an amount not less than $15,000 against Garner" and that she "be awarded reasonable attorney's fees and costs in an amount not less than $8,300 against Flinders Realty." In Ms. Bartschi's Memorandum of Costs and Attorney Fees, the only reference is to I.R.C.P. 54. However, neither the Answer nor Ms. Bartschi's Memorandum of Costs references a code section requesting attorney fees. A supplemental petition was filed by Ms. Bartschi requesting attorney fees as the prevailing party pursuant to I.C. § 12–121.

Idaho Code § 12–121 provides for the award of reasonable attorney fees to the prevailing party; however, Idaho Rule of Civil Procedure 54(e)(1) limits such awards to actions where "the case was brought, pursued or defended frivolously, unreasonably or without foundation." The district court found that Garner and Flinders Realty did not bring this case frivolously nor that the case was without foundation. Ms. Bartschi has not presented nor is there anything in the record to show that the district court abused its discretion in denying the award of attorney fees to Ms. Bartschi. *Lanham v. Idaho Power Co.,* 130 Idaho 486, 499, 943 P.2d 912, 925 (1997) (holding this Court reviews a district court's denial of attorney's fees for an abuse of discretion).

This Court affirms the district court's denial of Ms. Bartschi's request for attorney fees.

## IV.

Both parties are requesting attorney fees and costs on appeal pursuant to the agreements and I.C. § 12–120(3).

### Idaho Code § 12–120(3) states:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

 This Court has adopted the following test to determine whether to award attorney fees under the commercial transaction clause of I.C. § 12–120(3):

[T]he award of attorney fees is not warranted every time a commercial transaction is remotely connected with the case. Rather, the test is whether the commercial transaction comprises the gravamen of the lawsuit. Attorney's fees are not appropriate under I.C. § 12–120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover.

*Brower v. E.I. DuPont De Nemours & Co.,* 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). "It is of no consequence that the underlying contractual obligation is unenforceable. A prevailing party may recover attorney fees even though no liability under a contract was established or where no contract was, in fact, ever formed." *Hilbert v. Hough,* 132 Idaho 203, 207, 969 P.2d 836, 840 (Ct.App.1998).

The Real Estate Purchase and Sale Agreement states "14. ATTORNEY'S FEES: If either party initiates or defends any arbitration of legal action or proceedings, which are in any way connected with this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party reasonable costs and attorney fees, including such costs and fees on appeal."

The Representation Agreement states, in paragraph 23, "In the event that either party shall initiate any suit or action or appeal on any matter relating to this Agreement the defaulting party shall pay the prevailing party all damages and expenses resulting from the default, including all reasonable attorneys' fees and all court costs and other expenses incurred by the prevailing party."

In this case, the agreements were entered into to purchase real property for the purpose of Garner establishing an elk ranch. The underlying transaction appears to be commercial in nature and comprises the gravamen of the lawsuit. *See Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 274–75, 869 P.2d 1365, 1369–70 (1994) (purchase of real property for commercial farming); *Herrick v. Leuzinger,* 127 Idaho 293, 306, 900 P.2d 201, 214 (Ct.App.1995) (lease of property for cattle ranch).

This Court awards attorney fees on appeal to Bartschi pursuant to I.C. § 12–120(3) and the agreements between the parties.

## CONCLUSION

This Court holds that the property descriptions in the Real Estate Purchase and Sale Agreement and the Representation Agreement are insufficient and therefore, the remedy of specific performance is unavailable to Garner or Flinders Realty. The Court holds that Ms. Bartschi was not estopped from raising the statute of frauds as a defense. This Court further holds that there was no error by the district court when it denied Ms. Bartschi's request for attorney fees. Attorney fees and costs are awarded to Ms. Bartschi on appeal.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.