# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 52312

CAVE BAY COMMUNITY SERVICES, )
INC., an Idaho non-profit corporation, )
)
    Plaintiff-Respondent, )     Boise, November 2025 Term
)
v. )     Opinion Filed: February 9, 2026
)
MORGAN LOHMAN, an individual, )     Melanie Gagnepain, Clerk
)
    Defendant-Appellant, )
_____ )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The district court's judgment is <u>vacated</u>, its decision granting summary judgment is <u>reversed</u>, and the case is <u>remanded</u>.

T & G Attorneys, P.S., Spokane, WA, for Appellant. Dennis Thompson argued.

Lake City Law Group, PLLC, Coeur d'Alene, for Respondent. Jason S. Wing argued.

_____

BEVAN, Chief Justice.

In February 2022, Morgan Lohman bought a 25.8-acre property from Stephen and Melinda Dreher. During the negotiation of the sale, Lohman discovered that the Drehers' homeowners' association, Cave Bay Community Services, Inc. ("Cave Bay"), had a permanent easement on 7.31 acres of that land. He also learned that Cave Bay had an option agreement with the Drehers to purchase the easement land for one dollar within a year of the Drehers' paying off their loans on the land. Nevertheless, Lohman proceeded with the purchase of the Drehers' property—easement and all. After the purchase, the Drehers paid off their loans and Cave Bay sought to exercise its option. Lohman refused to honor the option agreement, and Cave Bay sued.

Cave Bay brought three claims against Lohman: breach of contract, breach of the implied covenant of good faith and fair dealing, and specific performance. Cave Bay moved for summary judgment on only one of its "claims"—specific performance. The district court granted summary judgment in favor of Cave Bay and awarded it attorney fees and costs. Lohman now appeals the

summary judgment and award of attorney fees. Lohman contends that the lower court overlooked material facts that were in dispute and that Cave Bay failed to establish it was entitled to summary judgment as a matter of law. Lohman also claims that the court abused its discretion awarding fees and costs to Cave Bay, and he seeks fees and costs on appeal. Cave Bay defends the decision below and seeks fees and costs on appeal as well. As set forth below, we vacate the district court's final judgment, reverse its decision, and remand for further proceedings consistent with this opinion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

In 2014, Stephen and Melinda Dreher had fallen behind on the homeowner association ("HOA") dues for their 25.8-acre property. To resolve this predicament, the Drehers and their HOA, Cave Bay, agreed to exchange a portion of the Drehers' land for forgiveness of the HOA dues. But because the Drehers' land was encumbered, they could not convey the property to the HOA. Therefore, they granted a permanent easement to the HOA to use the land in question.

To accomplish this, the Drehers and Cave Bay signed two agreements: an "Easement and Agreement" and a "Purchase and Sale Agreement." The "Easement and Agreement" laid out the nature and location of the easement. And the "Purchase and Sale Agreement" granted the easement in exchange for forgiveness of the Drehers' past and future HOA fees, up to $45,000. Around the same time, the parties also entered into an "Option to Purchase" agreement. It is this option agreement that is the subject of the dispute in this appeal.

The option agreement allowed Cave Bay to purchase the easement property from the Drehers once the other encumbrances on the property were released. Cave Bay was only required to pay the Drehers one dollar at the time of signing of the agreement, exercise the option within a year of the release of the encumbrances, and then pay one dollar to purchase the property. The agreement prohibited the Drehers from transferring the property to another party. But in a separate provision, the agreement only prohibited the Drehers from transferring the property without written approval from Cave Bay. The option agreement further stated that it would be binding on the successors and assigns of either party. Finally, the agreement included a provision awarding attorney fees to the prevailing party in any lawsuit concerning the agreement.

After signing and recording these agreements, Cave Bay began using the easement property for its wastewater treatment facility. Nothing of note happened until the Drehers began the process of selling their property to the Appellant, Morgan Lohman. Prior to purchasing the property,

2

Lohman was aware of both the easement and the option agreement. He objected to "pay[ing] full market value for 7.31 acres that could subsequently be sold for $1.00." Lohman expressed concern that he would be "left having spent hundreds of thousands of dollars for property that [he would] no longer own or [be] able to use." Lohman proposed holding back $375,000 from the purchase price until the parties knew whether Cave Bay would exercise its option, but the Drehers rejected this proposal.

The sale seemed doomed until Lohman and the Drehers decided to petition Cave Bay for a declaration that Cave Bay would not exercise the option agreement. Lohman stressed that he was not challenging Cave Bay's easement, but that he only wanted an assurance that Cave Bay would not officially purchase that part of the property. Lohman believed that he needed to own the full seven acres in order for his property to be large enough to qualify for agricultural zoning, which carried certain tax benefits. Cave Bay considered the request but never provided the requested declaration.

Despite Cave Bay's refusal to agree that it would not exercise the option, Lohman proceeded with the purchase of the Drehers' property. After the sale, the Drehers used the proceeds to pay off the encumbrances on their land. Cave Bay then quickly sent a letter to Lohman indicating its intent to exercise its option to purchase the easement property for one dollar, but Lohman refused to honor the option agreement. In response, Cave Bay brought this action.

## B. Procedural Background

Cave Bay's complaint alleged three causes of action against Lohman: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) specific performance. Cave Bay also sought attorney fees. Lohman answered Cave Bay's claims and raised thirteen affirmative defenses. He also sought attorney fees.

Following discovery, Cave Bay moved for summary judgment on just one of its claims—specific performance. Lohman opposed the motion on a number of fronts. He claimed that there were material facts at issue and that Cave Bay was not entitled to summary judgment as a matter of law. He also claimed that it was inappropriate to grant summary judgment on a remedy—specific performance—without first deciding the merits of the attendant cause of action. To support his arguments, Lohman submitted a declaration in opposition. The parties and the record suggest that Cave Bay moved to strike portions of this declaration, though that motion was not included in the record.

The district court held a hearing on the motions and issued a ruling from the bench granting both of Cave Bay's motions, striking much of Lohman's declaration and granting Cave Bay's summary judgment motion seeking specific performance of the option contract. The district court did not issue a written decision. The court then ordered Cave Bay to draft a judgment for its signature, which Cave Bay did.

After the district court signed the judgment, Cave Bay sought attorney fees and costs pursuant to the terms of the option agreement. Lohman submitted a motion to disallow costs and fees. Cave Bay moved to strike Lohman's motion for being untimely. The district court found that Lohman's motion was timely. Nevertheless, the district court denied Lohman's request and, in accordance with the option agreement, awarded attorney fees and costs of $31,981.94 to Cave Bay. Cave Bay and Lohman then stipulated to dismiss Cave Bay's remaining claims without prejudice. The district court issued an amended judgment reflecting that dismissal and reiterating its initial judgment and award of fees and costs. Lohman then appealed.

## II. ISSUES ON APPEAL

1. Whether the district court erred by granting summary judgment on a specific performance "claim."

2. Whether either party is entitled to attorney fees on appeal.

## III. STANDARDS OF REVIEW

"This Court reviews an appeal from an order of summary judgment *de novo*, and this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Valiant Idaho, LLC v. JV L.L.C.*, 164 Idaho 280, 286, 429 P.3d 168, 174 (2018) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 394, 224 P.3d 458, 461 (2008)). "Under Idaho Rule of Civil Procedure 56(a), a party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Budget Truck Sales, LLC v. Tilley*, 163 Idaho 841, 846, 419 P.3d 1139, 1144 (2018) (citation modified) (quoting *Bedard & Musser v. City of Boise City*, 162 Idaho 688, 689, 403 P.3d 632, 633 (2017)).

Awarding attorney fees and costs is within the discretion of the district court, meriting an abuse of discretion standard of review on appeal. *Breckenridge Prop. Fund 2016, LLC v. Wally Enters., Inc.*, 170 Idaho 649, 662, 516 P.3d 73, 86 (2022).

> When this Court considers whether the district court abused its discretion, it applies a four-part test: (1) whether the court correctly perceived the issue as discretionary;

4

(2) whether the court acted within the outer boundaries of its discretion; (3) whether the court acted consistently with the legal standards applicable to the specific choices available; and (4) whether the district court reached its decision by an exercise of reason.

*Id.* (citing *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

## IV. ANALYSIS

### A. The district court erred by granting summary judgment on a specific performance "claim."

On appeal, Lohman raises a number of challenges to the district court's decision to grant summary judgment. He claims that the district court "overlooked" material facts, that specific performance was an inappropriate remedy, and that the district court erred by treating specific performance as a stand-alone claim. We hold that the district court erred by granting summary judgment on specific performance as a stand-alone cause of action. We also hold that the district court's analysis of this issue was incomplete, precluding our ability to conduct de novo review.

As noted above, Cave Bay brought three claims against Lohman in its complaint, but it only sought summary judgment on one of those "claims"—specific performance. In its motion for summary judgment, Cave Bay asserted that granting summary judgment was appropriate because (1) it was undisputed that Lohman had not complied with the terms of the option agreement, and (2) the easement property was unique because it housed the wastewater treatment facility.

Lohman raised four arguments in response, which the district court deemed unpersuasive. Of the four arguments, three were legal arguments which Lohman renews on appeal. We only reach the first of these arguments: whether summary judgment may be granted on a specific performance "claim."

Lohman argues that a court cannot grant summary judgment solely on specific performance because it is a remedy, not an independent cause of action. He maintains that this is the "most glaring issue" because it puts the "cart-before-the-horse." Lohman argues that, before specific performance can be awarded as a remedy, there must first be a breach of the underlying contract established. He claims that referring to specific performance as a "claim" is a "misnomer," and that "[s]pecific performance is not a stand-alone claim." We agree.

Specific performance is usually described as "an extraordinary *remedy* that provides relief when legal remedies are inadequate." *Garner v. Bartschi*, 139 Idaho 430, 435, 80 P.3d 1031, 1036 (2003) (emphasis added) (citing *Kessler v. Tortoise Dev., Inc.*, 134 Idaho 264, 270, 1 P.3d 292, 298 (2000)). And yet, we acknowledge that this Court has also sometimes off-handedly referred

5

to specific performance as a claim. *See, e.g.*, *Peterson v. Gentillon*, 154 Idaho 184, 188-89, 296 P.3d 390, 394-95 (2013) (holding that a party's "specific performance claim" was deemed not time barred). Reviewing our precedent, we conclude that courts and litigants have been referring to the "claim of specific performance" as unartful shorthand—a quick, if inaccurate, means of distinguishing between the particular remedies for a breach of contract cause of action. *See, e.g.*, *Countrywide Home Loans, Inc. v. Sheets*, 160 Idaho 268, 274, 371 P.3d 322, 328 (2016) (holding that it was proper to dismiss a party's "breach of contract claim and a specific performance claim" because no contract between the parties existed). However, we have never held that specific performance *is* a stand-alone cause of action that can be established without first proving the elements of an attendant cause of action, such as breach of contract. *See Fazzio v. Mason*, 150 Idaho 591, 597, 249 P.3d 390, 396 (2011) ("[A] party is entitled to the equitable *remedy* of specific performance when [contract] damages, the legal remedy, are inadequate . . . ." (emphasis added)).

We reaffirm that specific performance is a *remedy* for a breach of contract cause of action—not an independent cause of action. Furthermore, we clarify that the elements of the underlying breach of contract cause of action need to be established before a party may obtain specific performance as a remedy.

To prevail at summary judgment, we hold that Cave Bay needed to argue and prove the elements of the attendant breach of contract that was undergirding its plea for specific performance. *See Reynolds v. Am. Hardware Mut. Ins. Co.*, 115 Idaho 362, 365, 766 P.2d 1243, 1247 (1988) (holding that to establish a breach of contract claim, claimant must prove "the making of the contact, an obligation assumed by defendants, and their breach or failure to meet such obligation." (quoting *Thomas v. Cate*, 78 Idaho 29, 31, 296 P.2d 1033, 1035 (1956))).

On appeal, Cave Bay maintains that it asserted the breach of contract elements to the district court. Cave Bay claims that it dedicated "a significant share" of its arguments in the district court to address: "(1) the making of the Option Agreement," (2) Lohman's obligations as successor or assign to the Drehers, and (3) Lohman's non-performance or breach. These arguments did make it into Cave Bay's brief in support of summary judgment, but these elements did not predominate. Instead, the bulk of Cave Bay's arguments focused on the appropriateness of granting specific performance in this case, highlighting: the uniqueness of the property, the adequacy of consideration, the clarity of the option agreement, notice, and how the option agreement could be a real covenant or servitude. *See Garner*, 139 Idaho at 435, 80 P.3d at 1036 (identifying the

6

uniqueness of real property and clarity of the real estate agreement as elements of specific performance); *see also Anderson v. Whipple*, 71 Idaho 112, 125, 227 P.2d 351, 359 (1951) ("A further requisite for specific performance is an adequate consideration.") *overruled on other grounds by David Steed & Assocs., Inc. v. Young*, 115 Idaho 247, 251 n.2, 766 P.2d 717, 721 n.2 (1988). The problem is that the district court did not appear to rule on those elements.

Reviewing both the district court's judgment and statements on the record, we cannot determine if the district court ever ruled that Cave Bay established an entitlement to summary judgment on its breach of contract claim. The full breadth and depth of the district court's ruling consists of the few statements the district court made on the record:

> I'm not going to issue a written decision on this. I think this is -- I find that this is so straightforward. There is nothing in [Cave Bay]'s memorandum, the opening memorandum or the reply memorandum, that I disagree with, and I have read what was cited.
>
> I disagree with much of [Lohman]'s arguments -- legal arguments primarily. I do not find that there is a material issue of fact as to *the one theory that is being sought*, and that is specific performance of the Option Agreement. I'll just leave it at that.
>
> I think that -- again, there is nothing presented by [Cave Bay] that I find -- that I take issue with. I find everything in there, the cases cited, to be persuasive, and grant it on this theory alone . . . .

(Emphasis added).

The district court's legal conclusions do not permit meaningful appellate review, even under a de novo standard. Black's Law Dictionary defines "de novo" as meaning "[a]new, afresh, or over again." *DE NOVO*, *Black's Law Dictionary* (12 ed. 2024). For a case to be decided "anew, afresh, or over again" by an appellate court, it is fundamental that the issue presented must first have been decided by the trial court. De novo review is not a vehicle for a responding party to obtain affirmance where no actual decision has been made below, nor is it an invitation for lower courts to shift their decisional responsibility to appellate courts. As a matter of practical justiciability, even issues subject to de novo review must be resolved in the trial court before meaningful appellate review can occur. Accordingly, we reverse the grant of summary judgment and remand for the district court to decide these matters in the first instance. We likewise vacate the district court's award of attorney fees.

**B. Neither party is awarded attorney fees on appeal.**

We turn now to the issue of attorney fees and costs on appeal. Lohman and Cave Bay both claim that they are entitled to fees and costs under Idaho Code section 12-121. Section 12-121 provides for an award of reasonable attorney fees to the prevailing party when another party has "brought, pursued or defended [a case] frivolously, unreasonably or without foundation." I.C. § 12-121. Lohman also claims that he is entitled to attorney fees under Idaho Code section 12-120(1), which allows a prevailing party to recover attorney fees when a party has pleaded relief of less than $35,000 in its complaint. I.C. § 12-120(1). And he argues that he should receive attorney fees under section 12-120(3), which mandates that a prevailing party recover attorney fees "[i]n any civil action" that centers on a "commercial transaction." I.C. § 12-120(3). Cave Bay claims that it should receive attorney fees on appeal under the provisions of the option agreement. Cave Bay has not prevailed on appeal; therefore, it is not entitled to an award of attorney fees.

While Lohman has prevailed on this appeal, we are remanding the case for further proceedings. We have held that when a "case is not yet resolved, there is no prevailing party" as to an award of attorney fees. *Portfolio Recovery Assoc., LLC v. MacDonald*, 162 Idaho 228, 236, 395 P.3d 1261, 1269 (2017). Because we are remanding the case at the summary judgment stage, this case is not yet resolved, and the question of attorney fees is not yet ripe. After the case has concluded, the parties may renew their requests for attorney fees, with attorney fees incurred by Lohman in this appeal forming part of that analysis. However, costs are awarded to Lohman as a matter of right pursuant to Rule 40 of the Idaho Appellate Rules. *See* I.A.R. 40(a).

## V.    CONCLUSION

We vacate the district court's amended judgment, reverse its ruling granting summary judgment to Cave Bay, and remand for further proceedings consistent with this opinion. Costs are awarded to Lohman.

Justices BRODY, MOELLER, ZAHN, and MEYER CONCUR.