(December 27, 1904.)

## KURDY v. ROGERS.

[79 Pac. 195.]

SPECIFIC PERFORMANCE—INSUFFICIENCY OF WRITTEN MEMORANDUM.

1. A receipt or memorandum in the following language: "Lowe, Idaho, March 17, 1902. Received from S. C. Kurdy, one hundred and ninety dollars on land, Sec. 25, Ts. 32 R. 2 E. 160 acres," signed by the parties sought to be charged, *held* insufficient upon which to enforce specific performance.

(Syllabus by the court.)

. APPEAL from District Court, Idaho County.   Honorable E. C. Steele, Judge.

Judgment for defendants, from which plaintiff appeals. Affirmed.

The facts are stated in the opinion.

R. F. Fulton, for Appellant.

When no sufficient evidence has been adduced by the plaintiff to justify the jury in finding a verdict in his favor, the court may order a nonsuit.   But where there is any evidence for the plaintiff, it is improper to grant a nonsuit, and to the plaintiff's evidence must be given the most favorable construction.   (16 Am. & Eng. Ency. of Law, pp. 741-742.)   A nonsuit will not be granted where the evidence offered tends to show facts sufficient to support the action, although remotely.   (*Foster v. Dixfield,* 18 Me. 380; *Page v. Parker,* 43 N. H. 363, 80 Am. Dec. 172; *McKee v. Greene,* 31 Cal. 418.)   Or where there is any evidence at all for the plaintiff proper to go to the jury.   (*Black v. Lewiston,* 2 Idaho, 276, 13 Pac. 80.)   The grounds upon which a motion for nonsuit is based must be precisely and specifically stated in the motion at the time it is made.   (6 Am. & Eng. Ency. of Law, 1st ed., p. 878.)   The grounds stated are conclusive upon the applicant both in the trial and the appellate court, and the defendant cannot raise for the first time upon appeal a ground of nonsuit not stated below.   (6 Am. & Eng. Ency. of Law, 1st ed., p. 879; *Flynn v. Dougherty,* 91 Cal. 669, 27 Pac. 1080, 14 L. R. A. 230.)   A contract for the sale of lands may be gathered from a number of writings, letters or other memoranda.   (*White v. Breen,* 106 Ala. 159, 19 South. 59, 32 L. R. A. 127; *Rutenberg v. Main,* 47 Cal. 213; *Sanders v. Pottlitzer Bros. Fruit Co.,* 144 N. Y. 209, 43 Am. St. Rep. 757, 39 N. E. 75, 29 L. R. A. 431; *Salmon Falls Mfg. Co. v. Goddard,* 55 U. S. (14 How.) 447, 14 L. ed. 493; Pomeroy's Specific Performance, secs. 81-84; *Louisville Asphalt Varnish Co. v. Lorick,* 29 S. C. 533, 8 S. E. 8, 2 L. R. A. 212; *Elliott v. Dean,* Cababe & E. (N. P. Rep.) 283; *Debeil v. Thompson,* 3 Beav. 469; *Dodge v. Van Lear,* 5 Cranch C. C. 278, Fed. Cas. No. 3956; *Gale v. Nixon,* 6 Cow. 448; *Toomer v. Dawson,* Cheves L.

68; Benjamin on Sales, 6th ed., Bennett's Notes, 200.) The draft of the deed and the letters in this case are as binding upon the defendant, Iva Rogers, as if signed by her. She signed the receipt for the payment after the draft of the deed had been made, and with full knowledge and acquiescence in all the terms and conditions of the contract. The letters purport to have been written after consultation between her and the defendant, Albert H. Rogers. (*Service et ux. v. Deming Investment Co.,* 20 Wash. 668, 673, 56 Pac. 837; *O'Connor v. Jackson et al.,* 33 Wash. 219, 74 Pac. 372; *Reed v. Loney,* 22 Wash. 433, 61 Pac. 41.)

C. F. McDonald and William McDonald, for Respondents.

An agreement for the sale of real estate must be in writing, subscribed by the party sought to be charged. (Rev. Stats., sec. 6009, subd. 5.) Was there a sufficient memorandum of the contract for the sale of real estate shown to take the case out of the statutes of fraud? It must show who are the contracting parties, intelligently identify the subject matter involved, express the consideration, be signed by the party to be charged, and disclose the terms and conditions of the agreement. (*Catterlin v. Bush,* 39 Or. 496, 59 Pac. 706, 65 Pac. 1065; 22 Am. & Eng. Ency. of Law, 1st ed., pp. 932, 933; *Minturn v. Baylis,* 33 Cal. 129-133.) Where no sufficient evidence has been adduced by the plaintiff to justify the jury in finding a verdict in his favor, the court may order a nonsuit. (16 Am. & Eng. Ency. of Law, 1st ed., p. 741; *Yorke v. Allen,* 20 La. Ann. 237; *Baldwin v. Shannon,* 43 N. J. L. 596; *Pope v. Boyle,* 98 Mo. 527, 11 S. W. 1010.)

STOCKSLAGER, J.—This action was commenced in the district court of Idaho county, to enforce the specific performance of a contract alleged to have been entered into on the seventeenth day of November, 1902, and by the terms of which it is alleged plaintiff—appellant here—was to pay to defendant—respondent here—$2,000 for certain real estate described in the complaint as the community property of defendants. Plaintiff was to assume the payment of a certain mortgage of $800 and

pay $500 on or before three weeks after said seventeenth day of November, 1902, and $500 on or before March 1, 1903. That upon the payment of $500 being made on or before three weeks after said seventeenth day of November, 1902, said defendants were to execute and place in escrow a deed for said premises to be delivered upon the final payment being made; that at the time of making said contract plaintiff paid to said Rogers and wife the sum of $190 as part payment on said lands. That on or about the sixth day of December, 1902, plaintiff tendered to said Rogers $500 and demanded the execution of said deed, and that the same be deposited in escrow; that the same was refused.

. That on January 27, 1903, plaintiff tendered to said Rogers the full amount due on said lands, $1,010, and demanded a deed for same, which was refused. Again, on February 17, 1903, a further tender was made which was refused. Plaintiff alleges readiness and willingness on his part to perform his contract. Plaintiff further alleges that on December 29, 1902, defendants, Rogers and wife, executed to Morgan F. Rogers a mortgage upon said lands in the sum of $500; that the defendants have conspired together and by fraud and collusion have refused to complete said contract; that Morgan F. Rogers is the father of defendant, Albert H. Rogers; that in further conspiracy and fraud defendants caused to be filed by defendant Iva Rogers, on the sixth day of February, 1903, a claim, or pretended claim, of homestead on said premises. This statement is taken from appellant's brief. It is concurred in by counsel for respondent with the exception that they insist that the record shows that Albert H. Rogers and wife, with their family, resided upon the property as a homestead, and further that the complaint does not allege part performance, possession or valuable improvements upon said land or any part thereof by appellant. The facts disclosed by this statement seem to be borne out by the record. Defendants Albert H. and Iva Rogers demurred to the complaint jointly, and Morgan F. Rogers separately. If these demurrers were ever disposed of by the court it is not shown by the record. On the —— day of September, answers were filed by the defendants, putting in issue all the material allegations of the complaint. On the

thirteenth day of February, 1904, the case was tried by the court without a jury. After plaintiff had rested his case a motion on the part of the defendants for nonsuit was sustained, and judgment for costs awarded to defendants. The appeal is from this judgment. If appellant had a cause of action, it is based upon his Exhibit "B" shown by the record. It follows:

"Lowe, Idaho, Nov. 17, 1902.

"Received from S. C. Kurdy one hundred and ninety ($190.00) dollars on land sec. 25, Ts. 32, R. 2 E., 160 acres.
"$190.00.

"IVA ROGERS.
"A. H. ROGERS."

Appellant testified that Mrs. Rogers wrote the receipt—the written part of the receipt.

Plaintiff next introduced a letter from defendant A. H. Rogers, as follows:

## PLAINTIFF'S EXHIBIT "C."

"Lowe, Idaho, Dec. 7th, 1902.

"Mr. S. C. Kurdy.

"Dear Sir: I received your letter yesterday. I have been studying over this deal lately. It puts me in a bad shape, and isn't near enough for the place, and as we haven't signed the deed yet, I will send you your money back, and Asker says he can't pay the note yet. I will pay you back every cent you have paid me. I have got the money. You had better let me know how you want me to send it. I can't make the deal I was aiming to, and it makes me in a bad shape if I let my place go, and as either of us have not signed the deed, we have decided to keep it.          A. H. ROGERS."

Plaintiff's Exhibit "D" is as follows:

"Lowe, Idaho, Jan. 26, 1903.

"Mr. S. C. Kurdy.

"Dear Sir: As I received your letter yesterday, in answer I want to say in regard to your holding us to a contract you have not got any contract to hold us to. That is only a receipt and

it is not paid.  The note has not been paid.  Iva says that she
will not sign the deed for that price.  She has never said she
would sign the deed.  The place is worth $3,000, and I will
spend $1,000 before we will take that.  Now, as it is the way
it is, we will do this.  She says she will sign the deed for $500,
and as to suing us, I have got as much money to spend as you
have, and you will have to stand good for the cost.  I have as
good lawyers as Mr. Fulton is.          A. H. ROGERS."

Exhibit "A" is a draft of a deed with usual covenants, which
was never signed by either of the defendants.  It will be seen
that the only question presented to us is whether the receipt
in evidence as plaintiff's exhibit was sufficient to take the case
out of the control of the statute of frauds.  If it was, it was
error to sustain the motion for a nonsuit; otherwise, the judg-
ment must be affirmed.

Section 6007 says: "No estate or interest in real property,
other than for leases for a term not exceeding one year, nor
any trust or power over or concerning it, or in any manner
relating thereto, can be created, granted, assigned, surrendered,
or declared, otherwise than by operation of law or a conveyance
or other instrument in writing subscribed by the party creat-
ing, granting, assigning, surrendering or declaring the same,
or by his lawful agent thereunto authorized by writing."

Section 2921 says: "No estate in the homestead of a mar-
ried person, or any part of the community property occupied as
a residence by a married person can be conveyed or encumbered
by act of the party, unless both husband and wife join in the
execution of the instrument by which it is so conveyed or en-
cumbered, and it be acknowledged by the wife as provided in
chapter 3 of this title."

Subdivision 5 of section 6009 says: "An agreement for the
sale of real estate must be in writing subscribed by the party
sought to be charged."

Is the receipt (Plaintiff's Exhibit "B"), if it may be so
called, sufficient to satisfy these provisions of the statute?  Ap-
pellants insist that the receipt, together with the other exhibits,
were at least sufficient to put the defendants on their proof,
and hence the motion for nonsuit was erroneously sustained.

Also that the record of legal evidence before the trial court at the time the motion for nonsuit was sustained does not show that the defendants, Albert H. and Iva Rogers, were occupying the land in dispute as a homestead. Further, that even though the separate answers of the defendants set out that they were, and for five years had occupied the premises as a homestead, the trial had not sufficiently progressed for the court to consider the contents of the answer; that all the court could legally consider was the complaint and the evidence introduced by the plaintiff. In support of this contention he cites *Law v. Spence,* 5 Idaho, 244, 48 Pac. 282; *Northwestern and Pacific Hypotheek Bank v. Rauch,* 7 Idaho, 152, 61 Pac. 516—both decisions of this court. We find nothing in either of these cases that aids the appellant in his contention, so far as the important question in the case at bar is concerned. After the introduction of the four exhibits, counsel for plaintiff offered to show by oral evidence the terms of the contract and that Iva Rogers consented to it. To the introduction of this evidence there was an objection, and the court in sustaining the objection very properly said: "Before you offer any oral evidence you will have to show the court you have a memorandum such as the statute of frauds contemplates before you go into the statement of any conversations."

The case of *Catterlin v. Bush,* 39 Or. 496, 59 Pac. 706, 61 Pac. 1064, discusses a very similar question, and holds the following memorandum insufficient under the statute of frauds:

"Price $6,000. C. pays note for $200. Deed to be special warranty, and C. pays for cablegram, money to be paid on or before forty days. Possession when money paid and deed given to W. for 297 acres more or less as shown by deed. Abstract furnished held insufficient."

This is the holding of the courts generally and seems to be the accepted doctrine to govern all cases of this character.

The memorandum or receipt, Plaintiff's Exhibit "B," is deficient in many of the elements necessary to enforce specific performance. It does not state the consideration or any of the terms or conditions of the sale. It does not describe the land or even the county or state where situated. It is a well-settled

rule that courts will enforce the specific performance of contracts of this character, but will not make them. The contract must speak for itself, and if it is sufficiently definite in its terms to enlighten the court of the intent of the parties it will be enforced. Oral evidence is not admissible to make a contract of this character or supply any of its terms or conditions, for the reason that it would open the door to all manner of fraud and deception.

The judgment is affirmed with costs to respondent.

Sullivan, C. J., and Ailshie, J., concur.