200 P.3d 1174

Stan RAY, an individual; and Remington Real Estate, Inc., an Idaho corporation, Plaintiffs–Respondents,

v.

Don FRASURE, an individual, Defendant–Appellant.

No. 34311.

Supreme Court of Idaho, Boise, September 2008 Term.

Jan. 30, 2009.

Angstman, Johnson & Associates, Boise, for appellant. Wyatt Johnson argued.

Meuleman Mollerup, Boise, for respondents. Richard Mollerup argued.

HORTON, Justice.

This appeal concerns the validity of a contract for the sale of real property between appellant Don Frasure and respondents Remington Real Estate, Inc. (Remington) and Stan Ray (Remington and Ray collectively referred to as Respondents). Frasure appeals the district court's ruling that the physical address in the contract sufficiently described the real property for purposes of the statute of frauds. We reverse the decision of the district court and conclude that a property description consisting solely of a physical address does not satisfy the statute of frauds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2003, Frasure entered into a contract with Eagle Rim Properties, LLC, (Eagle Rim Properties) for the sale of his real property located in Kuna, Idaho. The contract described the property as 2275 W. Hubbard Rd., City of Kuna, County of Ada, Idaho 83634. The contract included a space for a legal description. The parties left this space blank. The contract also provided a check box to indicate that a legal description was attached as an addendum. The parties neither checked the box nor attached a legal description to the contract. The parties agreed to close the transaction on or before

March 17, 2006 for a price of $264,000.[1] Ray and Frasure also executed an addendum changing the entity purchasing the property from Eagle Rim Properties to Ray Developers, LLC (Ray Developers). Ray owned both entities. For tax purposes, Ray later assigned Ray Developers's interest in the property to Remington,[2] another entity he controlled.

On the afternoon of Friday, March 17, 2006, the escrow officer discovered that the Idaho Secretary of State did not list Remington as an active entity, and therefore, Remington could not close the transaction. Ray instructed the escrow officer to contact Frasure and ask if Frasure would be willing to extend the closing date. The escrow officer spoke with Frasure's daughter, Sheila Frasure, who, acting on behalf of her father, agreed to extend the closing date to Tuesday, March 21, 2006. Frasure however, denies that he agreed to modify the closing date.

On Tuesday, March 21, 2006, Remington fully performed under the contract and deposited all funds due with the escrow company. That afternoon, Sherry Russell, a real estate agent representing Frasure, informed Respondents that Frasure did not intend to perform under the contract and had relisted the property for sale. Frasure eventually accepted an offer to sell the property for $750,000 to a different party.

On March 24, 2006, Respondents filed a complaint with the district court seeking specific performance, damages, and attorney fees and costs. The matter was tried before the district court on May 4, 2007. The district court held that Frasure breached his contractual duties to Respondents and ordered specific performance of the contract. The district court also awarded Respondents costs in the amount of $6,326.10 and attorneys fees in the amount of $43,541.45, for a total award of $49,867.55. Frasure timely appeals the district court's decision to this Court.

## II. STANDARD OF REVIEW

■ Review of a trial court's conclusions from a bench trial is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. *Benninger v. Derifield*, 142 Idaho 486, 488–89, 129 P.3d 1235, 1237–38 (2006) (citing *Alumet v. Bear Lake Grazing Co.*, 119 Idaho 946, 812 P.2d 253 (1991)). Since it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of the witnesses, this Court will liberally construe the trial court's findings of fact in favor of the judgment entered. *Rowley v. Fuhrman*, 133 Idaho 105, 107, 982 P.2d 940, 942 (1999). This Court will not set aside a trial court's findings of fact unless the findings are clearly erroneous. *Ransom v. Topaz Mktg., L.P.*, 143 Idaho 641, 643, 152 P.3d 2, 4 (2006); I.R.C.P. 52(a). If the trial court based its findings on substantial evidence, even if the evidence is conflicting, this Court will not overturn those findings on appeal. *Benninger*, 142 Idaho at 489, 129 P.3d at 1238. This Court will not substitute its view of the facts for that of the trial court. *Ransom*, 143 Idaho at 643, 152 P.3d at 4. However, this Court exercises free review over matters of law. *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002) (citing *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999)).

## III. ANALYSIS

This Court is asked to decide whether a physical address in a real estate contract sufficiently describes the property for purposes of the statute of frauds. Frasure also appeals the district court's ruling that the parties orally agreed to modify the closing

---

1. The parties originally contracted for a purchase price of $265,000 with a $10,000 down payment. The parties, however, subsequently executed an addendum that reduced the purchase price to $264,000 and increased the down payment to $16,000. The addendum also changed the closing date from March 12, 2007 to March 17, 2006.

2. Ray Developers entered into a "Contract to Purchase Option on Land" with Remington on March 1, 2006. While the contract stated that it was an agreement for the purchase of an "option" to purchase real property from Frasure, the contract between Ray Developers and Frasure was not an "option contract." We note that this contract contained a complete legal description of the property.

date of the contract and that Frasure breached his contractual duties to Ray. Because we conclude that the contract does not meet the requirements of the statute of frauds, we do not address the oral modification or Frasure's duties under the contract to Ray. We conclude that a property description in a real estate contract consisting solely of a physical address does not satisfy the statute of frauds. We vacate the judgment, including the district court's award of attorney fees and costs and award Frasure attorney fees and costs on appeal. We remand this matter for a determination of the amount of attorney fees and costs to which Frasure is entitled for proceedings below.

### A. The district court erred when it concluded that a property description in a real estate contract consisting of a physical address satisfies the statute of frauds.

■ Respondents argue that a property description in a real estate contract consisting of a physical address satisfies the statute of frauds and, alternatively, that the statute of frauds is inapplicable to the instant case because Frasure judicially admitted the existence of the real estate contract. Frasure argues that a physical address does not satisfy the statute of frauds and that the contract is therefore unenforceable. Respondents raise the doctrine of judicial admissions for the first time on appeal. This Court will not consider issues raised for the first time on appeal. *Barbee v. WMA Sec., Inc.*, 143 Idaho 391, 397, 146 P.3d 657, 663 (2006). Therefore, we decline to address Respondents' argument concerning the doctrine of judicial admissions and only address the sufficiency of the instant property description consisting of a physical address.

■ The statute of frauds renders an agreement for the sale of real property invalid unless the agreement or some note or memorandum thereof is in writing and subscribed by the party charged or his agent. I.C. § 9–505(4). Agreements for the sale of real property that fail to comply with the statute of frauds are unenforceable both in an action at law for damages and in a suit in equity for specific performance. *Hoffman v. S V Co., Inc.*, 102 Idaho 187, 190, 628 P.2d 218, 221 (1981) (citing 72 Am.Jur.2d Statute of Frauds § 285 (1974); 73 Am.Jur.2d Statute of Frauds § 513 (1974)). An agreement for the sale of real property must not only be in writing and subscribed by the party to be charged, but the writing must also contain a description of the property, either in terms or by reference, so that the property can be identified without resort to parol evidence. *Garner v. Bartschi*, 139 Idaho 430, 435, 80 P.3d 1031, 1036 (2003).

For over 100 years, this Court has held that a contract for the sale of real property must speak for itself and that a court may not admit parol evidence to supply any of the terms of the contract, including the description of the property. *Kurdy v. Rogers*, 10 Idaho 416, 423, 79 P. 195, 196 (1904). In *Kurdy*, the written contract did not include the terms or conditions of the sale, the consideration, or a description of the land or even indicate the county or state in which the land was located. *Id.* This Court specifically held that parol evidence is not admissible to supply any of the terms of the contract. *Id.*

Five years after deciding *Kurdy*, in a case involving the sale of real property, this Court took up the question what constitutes a sufficient description of real property under the statute of frauds. *Allen v. Kitchen*, 16 Idaho 133, 100 P. 1052 (1909). In *Allen*, the contract described the real property as "Lots 11, 12, and 13, in block 13, Lemp's addition," and "Lot 27, Syringa Park addition, consisting of 5 acres."[3] *Id.* at 137, 100 P. at 1053. Absent from the description was the city, county, state, or other civil or political division or district in which any of the property was located. *Id.* The Appellant argued that the contract was sufficient to admit oral evidence showing the location of the real property. This Court disagreed.

In *Allen*, we reaffirmed our holding from *Kurdy* that a contract must speak for itself and stated that "[i]t is not a question as to what the contract was intended to be, but,

---

**3.** Lots 11, 12, and 13 were actually located in block 14, Lemp's addition. *Allen*, 16 Idaho at 144, 100 P. at 1056. The property was located in Ada County, Idaho. *Id.*

rather, was it consummated by being reduced to writing as prescribed by the statute of frauds." *Id.* at 145, 100 P. at 1055. We also indicated that a contract that references "any record or external or extrinsic description from which a complete description could be had" sufficiently describes the real property for purposes of the statute of frauds. *Id.* at 143, 100 P. at 1055. The contract in *Allen* neither contained a complete description of the real property nor referred to any external record containing a sufficient description. Therefore, we concluded that there was no complete contract before the court. *Id.* at 149, 100 P. at 1058.

A description of real property must adequately describe the property so that it is possible for someone to identify "exactly" what property the seller is conveying to the buyer. *Garner,* 139 Idaho at 435, 80 P.3d at 1036. "A description contained in a deed will be sufficient so long as quantity, identity or boundaries of property can be determined from the face of the instrument, or by reference to extrinsic evidence to which it refers." *Id.* (quoting *City of Kellogg v. Mission Mountain Interests Ltd., Co.,* 135 Idaho 239, 244, 16 P.3d 915, 920 (2000)). This rule is consistent with our approach in *Allen,* which required that the contract either contain a sufficient description of the real property or refer to an external record containing a sufficient property description.

The contract in *Garner* described the property as the " 'Bartschi Property, *City* _____, *Zip* 83252, legally described as approx. 500 acres of mountain property.' " *Id.* at 434, 80 P.3d at 1035. An addendum to the contract further described the property as: "Acreage: As deemed by Bear River [sic] County Platt and Tax Notices to be 512 acres." *Id.* (quotations omitted). We held that this description did not satisfy the statute of frauds. *Id.* at 436, 80 P.3d at 1037. Because the contract referred to certain tax notices, we also analyzed the descriptions of the real property in the tax notices for compliance with the statute of frauds. The property descriptions in the tax notices were incomplete and did not allow someone to identify exactly what property the seller was conveying to the buyer. *Id.* at 435–36, 80

P.3d at 1036–37. Therefore, we concluded that the property descriptions referenced in the tax notices did not satisfy the statute of frauds. *Id.* at 436, 80 P.3d at 1037.

We most recently addressed the sufficiency of a property description in a contract for the sale of real property in *Lexington Heights Dev., LLC v. Crandlemire,* 140 Idaho 276, 92 P.3d 526 (2004). In Lexington Heights, we relied heavily on the analysis from the *Allen* Court indicating that a contract must speak for itself and that parol evidence is not admissible to supply the terms of a contract. *Id.* at 281, 92 P.3d 526, 92 P.3d at 531. We also reaffirmed the rule we relied upon in *Garner* stating, "[a] description contained in a deed will be sufficient so long as quantity, identity or boundaries of property can be determined from the face of the instrument, or by reference to extrinsic evidence to which it refers." *Id.* at 281–82, 92 P.3d 526, 92 P.3d at 531–32 (quoting *Mission Mountain,* 135 Idaho at 244, 16 P.3d at 920).

Respondents rely heavily on *In re Miller v. Provident Bank, et al.,* 260 B.R. 158 (Bankr.D.Idaho 2001), when arguing that a property description consisting of a physical address satisfies the statute of frauds. That case dealt with the issue whether, under Idaho law, the street address associated with a piece of real property sufficiently described the property for purposes of the statute of frauds. The bankruptcy court in that case relied upon *Haney v. Molko,* 123 Idaho 132, 844 P.2d 1382 (Ct.App.1992), when it stated that a " 'sufficient' property description need only designate the land to be conveyed with reasonable certainty, since the purpose of a deed description is not to identify the land, but merely to furnish the means of identification." *In re Miller,* 260 B.R. at 163 (quoting *Haney,* 123 Idaho at 136, 844 P.2d at 1386). The court deciding *In re Miller* did not have the benefit of this Court's opinion in *Lexington Heights* wherein we reiterated our adherence to the rule expressed in *Allen.* Additionally, this Court has not adopted the language from *Haney* stating that a property description need only designate real property with "reasonable certainty." Instead, we have required that a property description

designate "exactly" what property the seller is conveying to the buyer. *Garner*, 139 Idaho at 435–36, 80 P.3d at 1036–37. Accordingly, we do not view *In re Miller* as persuasive authority.

■ In the instant case, the contract described Frasure's real property by reference to the street address and the city, county, state and zip code in which the property was located.[4] The physical address is not a sufficient description of the property for purposes of the statute of frauds. It is impossible to determine exactly what property Frasure intended to convey to Respondents relying solely on the physical address in the contract. The physical address gives no indication of the quantity, identity, or boundaries of the real property.

Respondents argue that extrinsic evidence can supply a complete legal description of the instant property. Respondents' expert, Allan Knight, testified at trial that he entered the physical address from the contract into the computer system at the Ada County Assessor's office. That search revealed the name of the property owner, Don Frasure. Knight then entered Frasure's name into the computer system at the Ada County Recorder's Office and obtained a copy of the prior deed that conveyed the property to Frasure. The deed conveying the property to Frasure contained a complete legal description of the instant property. This Court's precedent from the past 100 years permits a party to ascertain a property description from extrinsic evidence only when the contract or deed references the extrinsic evidence. The instant contract does not reference the records at the Ada County Recorder's Office or the prior recorded deed conveying the property to Frasure. Therefore, the statute of frauds does not permit Respondents to supplement the real property description in the contract with the proffered extrinsic evidence.

We are unwilling to create an area of unsettled law by holding that a real property description that does not allow a person to determine exactly what property the seller is conveying to the buyer satisfies the statute of frauds. We are equally unwilling to overturn over a century's worth of legal precedent and erase the limits on the use of extrinsic evidence that a party may use to supply a missing term from a contract for the sale of real property. Our current approach to extrinsic evidence fulfills the policy behind the statute of frauds by preventing fraud and deception and is not overly burdensome on the parties to a contract for the sale of real property. In order to make use of extrinsic evidence in a real estate contract, the parties merely need to reference the extrinsic evidence in their contract or deed. This system has functioned well over the past 100 years and we see no need to change it now. Therefore, we reverse the decision of the district court and hold that the property description in the instant case does not satisfy the statute of frauds.

## B. Attorney Fees and Costs

Both parties have sought an award of attorney fees on appeal pursuant to I.C. § 12–120(3). Because Frasure is the prevailing party in this appeal, he is entitled to an award of attorney fees pursuant to this statute. *P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 144 Idaho 233, 240, 159 P.3d 870, 877 (2007).

The district court correctly determined that the prevailing party is entitled to an award of attorney fees pursuant to I.C. § 12–120(3). The district court awarded Respondents attorney fees and costs below as prevailing parties. Because we reverse the district court's decision, we vacate the judgment and remand this matter for the district court to determine an appropriate award of costs and attorney fees incurred by Frasure in the proceedings below.

## IV. CONCLUSION

We vacate the judgment of the district court and hold that a property description consisting solely of a physical address does

---

4. The underlined portions of the following description were blank spaces where information was typed into the form contract. The contract described the property as follows: " 'PREMISES' COMMONLY KNOWN AS 2275 W. HUBBARD RD City KUNA County ADA ID, Zip 83634."

not satisfy the statute of frauds. We remand this matter to the district court for a determination of attorney fees and costs to which Frasure is entitled for the proceedings below. Attorney fees and costs on appeal are awarded to Frasure.

Chief Justice EISMANN, and Justices BURDICK and W. JONES Concur. Justice Pro Tem KIDWELL dissents without opinion.