Chief Justice J, JONES,
specially concurring.
I fully concur in the Court’s opinion but wish to comment on the adequacy of the property description in the Option to Purchase (Option). The Option states that it pertains to the following-described property: Legal Description to be attached as Exhibit “A”
That certain mobile home park known as Hoke Mobile Home Park, consisting of 14 mobile home lots, and 13 mobile homes, as more fully described in Exhibit “A” attached hereto.
Exhibit “A” reads: 07-3N-2W NW PORT-NER SUB TX2 IN LT 9, TX 05292 & 05293 IN BLK 9.
*455 Those unfamiliar with property descriptions could probably not make heads or tails out of this description. However, persons familiar with the various ways of describing property would be able to determine that the subject property was located within Section 7 of Township 3 North and Range 2 West. It might have been helpful if the description had indicated the county in which Section 7 was located and the identity of the meridian that the range was west of, but those items of information are not essential. There is only one Section 7 located in Township 3 North and Range 2 West in the State of Idaho and that Section 7 is located in Canyon County, The description indicates that the property subject to the Option is located in Portner Subdivision, more specifically tax lot 2 in lot 9 of the subdivision and tax lots 05292 and 05293 in block 9 of the subdivision. To obtain the exact descriptions of these tax lots, a person could visit the Canyon County Assessor’s office or utilize the geographic information system on the County Assessor’s website. The geographic information system displays the exact location and dimensions of the three tax lots, shows that they are combined into parcel number 25544000 0, states they are located in Portner Subdivision at 16867 Portner Rd., and indicates that the three-lot parcel is 1.963 acres in area.[2]
The description of the property in the Option is adequate to meet the requirements of the statute of frauds. In Ray v. Frasure, 146 Idaho 625, 629, 200 P.3d 1174, 1178 (2009), we said that “[a] description of real property must adequately describe the property so that it is possible for someone to identify ‘exactly’ what property the seller is conveying to the buyer.” Although the Option does not provide the metes and bounds descriptions of the tax lots, this Court has indicated that a description that makes reference to “any record or external or extrinsic description from which a complete description could be had” can satisfy the statutes of frauds. Allen v. Kitchen, 16 Idaho 133, 143, 100 P. 1052, 1055 (1909). “A description contained in a deed will be sufficient so long as quantity, identity or boundaries of property can be determined from the face of the instrument, or by reference to extrinsic evidence to which it refers.” Ray, 146 Idaho at 629, 200 P.3d at 1178. “In order to make use of extrinsic evidence in a real estate contract, the parties merely need to reference the extrinsic evidence in their contract or deed.” Id. at 630, 200 P.3d at 1179.
During my years of private law practice, I prepared many real estate purchase contracts, including options to purchase. It was always preferable to obtain a metes and bounds description or a description appearing in the recorded real county property records, such as a subdivision lot, but when such was not immediately available, a tax lot would suffice because the county assessor usually had a serviceable legal description on hand. The problem with tax lots is that they can change over time and one would not want to rely on them for a permanent record. However, they are serviceable and sufficient to identify property that is subject to a contract for purchase, including an option to purchase, so that the parties can know with certainty what is being sold and what is being purchased. The description in the Option is clearly sufficient for that purpose.

. The Lease Agreement, which is specifically referenced in the Option, states the area of the mobile home park to be 1.96 acres and indicates that it is located in Portner Subdivision in Nam-pa, Idaho. The Lease Agreement lists the 13 mobile homes located in Hoke Mobile Home Park, specifying that they are all located on parcel number 25544000 0. The geographic information system shows the exact locations of the mobile homes on that parcel.