**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YELLOWSTONE POKY, LLC, an Idaho
Limited Liability Company;
FEATHERSTON HOLDINGS, INC.,

            Plaintiffs-Appellants,

ROGER FEATHERSTON,

      Intervenor-Plaintiff-
      Appellant,

  v.

FIRST POCATELLO ASSOCIATES, L.P.,

            Defendant-Appellee.

No.    19-35114

D.C. No. 4:16-cv-00316-DVB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Dee V. Benson, District Judge, Presiding

Argued and Submitted February 3, 2020
Seattle, Washington

Before:  M. SMITH, N.R. SMITH, and BRESS, Circuit Judges.

      Roger Featherston, Featherston Holdings, and Yellowstone Poky, LLC

(collectively, "Featherston") appeal the district court's grant of partial summary

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

judgment in favor of First Pocatello Associates ("First Pocatello"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

This appeal concerns whether a purchase agreement purporting to convey real property from First Pocatello to Featherston contains an adequate legal description of the property under Idaho's statute of frauds. *See* Idaho Code §§ 9-503, 9-505(4). The parties' agreement specifies that the property is "commonly known as 669 Quinn Road" in the City of Pocatello, Bannock County, Idaho.[1] The agreement "legally describe[s]" the property only as "RPCPP023305." This code is a county-generated "real parcel number" (RPN) used to identify parcels of land. *See* Idaho Code § 63-209. The legal description in the parties' agreement was prepared by a real estate agent.

After the parties' deal fell apart, Featherston filed suit, claiming (among other things) that First Pocatello breached the agreement. After removing to federal court, First Pocatello filed counterclaims for quiet title and declaratory judgment, alleging that the purchase agreement was void under Idaho's statute of frauds. First Pocatello later moved to dismiss on this ground. As the district court summarized, Featherston replied that the RPN was "a clear and unambiguous reference to Bannock County records identified by that number, as well as any records that could be obtained by

---

[1] The correct address is in fact "669 West Quinn Road." Regardless, a reference to a street address does not satisfy Idaho's statute of frauds. *See Ray v. Frasure*, 200 P.3d 1174, 1179 (Idaho 2009).

using that number as a starting point." Featherston also submitted a one-page "Parcel Master Inquiry" report allegedly obtained from the county recorder related to RPCPP023305.

The district court granted First Pocatello's motion to dismiss, holding that a "mere listing of a parcel number is not a clear and unambiguous reference to extrinsic evidence" under Idaho's statute of frauds. The district court also held, in the alternative, that "it would not change the outcome in this case because the County record ultimately produced, using the listed parcel number, remains insufficient to satisfy the statute of frauds." The district court subsequently granted partial summary judgment on First Pocatello's claims for quiet title and declaratory judgment based on this same reasoning, and certified its order for appeal under Federal Rule of Civil Procedure 54(b).[2]

We review the decision below *de novo*, applying the same Rule 56 standards as the district court. *See, e.g.*, *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). Under Idaho law, "[a]greements for the sale of real property that fail to comply with the statute of frauds are unenforceable." *Ray*, 200 P.3d at 1177. An agreement for the sale of real property must "contain a description of the property, either in terms or by reference, so that the property can be identified without resort

---

[2] Upon our independent review, we conclude that the district court's Rule 54(b) certification was proper. *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039–40 (9th Cir. 1991).

to parol evidence." *Id.* The property must be "sufficiently described so it [i]s possible for someone to identify *exactly* what property [i]s being conveyed." *Garner v. Bartschi*, 80 P.3d 1031, 1036 (Idaho 2003) (quotations omitted) (emphasis in original). The Idaho Supreme Court has held that agreements failed the statute of frauds, even where the legal description was more detailed than the one at issue here. *See, e.g.*, *The David & Marvel Benton Tr. v. McCarty*, 384 P.3d 392, 401–02 (Idaho 2016); *Garner*, 80 P.3d at 1036–37.

Featherston argues that the RPN effectively references county records that in turn provide an adequate description of the property, thereby satisfying Idaho's statute of frauds. The parties agree that the Idaho Supreme Court has not addressed whether citing an RPN in a purchase agreement can satisfy the statute of frauds. We need not answer that question because even if an RPN could be said to reference extrinsic records, *see Ray*, 200 P.3d at 1177, Featherston did not come forward with such referenced records sufficient to "identify *exactly* what property [i]s being conveyed." *Garner*, 80 P.3d at 1036 (quotations omitted) (emphasis in original).

Featherston claims that the RPN led him to an associated Parcel Master Inquiry report, which was obtained from the county. But as the district court noted, this report under the heading "Legal Description" "lists several separate tax numbers for which there is no information." As the district court correctly concluded, absent that information "there is no way for the court to determine whether each of those

4

additional records contain adequate legal descriptions."

While there are no metes and bounds descriptions of any property in the Parcel Master Inquiry report, Featherston draws our attention to "Deed Number 99018377," which is referenced in the Parcel Master Inquiry report. But the record shows that Deed Number 99018377 is also referenced in parcel master inquiries for several other RPNs, suggesting that the deed encompasses more property than just RPCPP023305. Moreover, Featherston fails to explain why the deed should take precedence over the tax numbers listed under the heading "Legal Description," or how the deed can be reconciled with that information, which is not in the record. The screenshots of maps that Featherston provides also do not provide a metes and bounds description of the subject property.[3]

For the foregoing reasons, we affirm the district court's grant of partial summary judgment in favor of First Pocatello.

**AFFIRMED.**

---

[3] We deny Featherston's motion for judicial notice of two additional screenshots that were not presented to the district court. These screenshots also would not change the outcome because they do not satisfy Idaho's statute of frauds either. We further deny as unnecessary Featherston's motion to certify this case to the Idaho Supreme Court.